# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA

v.

Case Number CR 93-CR-50028-FL-02
Hon. Stewart A. Newblatt

**MICHELLE WEST**
Defendant.

## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

The defendant, **MICHELLE WEST**, was represented by **David I. Goldstein**.

The defendant was found guilty on count(s) **Two; Three; Five; Six** of the third superseding indictment after a plea of not guilty. Accordingly, the defendant is adjudged guilty of such count(s), involving the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 USC 841(a)(1), 841(b)(1)(A) and 846 | Conspiracy to Distribute Controlled Substances | May, 1993 | Two |
| 21 USC 848(e)(1)(A); 18 USC 2 | Drug Related Murder; Aiding and Abetting | June 23, 1989 | Three |
| 18 USC 1014 | False Statements to Institution with Deposits Insured by the Federal Deposit Insurance Corporation | May 5, 1989 | Five |
| 18 USC 1956 | Laundering of Monetary Instruments | March, 1990 | Six |

As pronounced on **June 14, 1994**, the defendant is sentenced as provided in pages 2 through 4 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $ **200.00**, for count(s) **Two, Three, Five, and Six**, which shall be due immediately.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Signed: 6-15-94

United States District Judge
Stewart A. Newblatt

Defendant's SSN: **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**
Defendant's Date of Birth: **04/27/61**
Defendant's address: **In Custody**

Judgment--Page 2 of 4

Defendant: **MICHELLE WEST**
Case Number: CR **93-CR-50028-FL-02**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of the defendant's **life** under **Count 2; life** under **Count 3**; **30 years** under **Count 5**; **20 years** under **Count 6**.

The Court makes the following recommendations to the Bureau of Prisons: that defendant be institutionalized as close to Michigan as possible; that advanced education be made available to her.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy Marshal

Judgment--Page 3 of 4

Defendant: **MICHELLE WEST**
Case Number: CR **93-CR-50028-FL-02**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **five (5)** years on Count 2. This term consists of five (5) years on Count 2, and terms of five (5), three (3) and three (3) years on Counts 3, 5 and 6, respectively, to be served concurrently with Count 2.

While on supervised release, the defendant shall not commit another federal, state, or local crime; shall not illegally possess a controlled substance; shall comply with the standard conditions that have been adopted by this court (set forth below); and shall comply with the following additional conditions:

--If ordered to the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

--If this judgment imposes a fine, special assessment, costs, or restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine, assessments, costs, and restitution that remain unpaid at the commencement of the term of supervised release.

--The defendant shall not own or possess a firearm or destructive device.

**While on superviced release, the defendant shall not violate another federal, state, or local law, and shall comply with the standard conditions that have been adopted by this Court.**

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this Judgment:

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support his or her dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
6) The defendant shall notify the probation officer within seventy-two hours of any change in residence or employment.
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances.
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.
14) The defendant is prohibited from possessing or using a firearm, destructive device, or dangerous weapons.

Judgment--Page 4 of 4

Defendant: **MICHELLE WEST**
Case Number: CR **93-CR-50028-FL-02**

## STATEMENT OF REASONS

The court adopts the factual findings and guideline application in the presentence report.

**Guideline Range Determined by the Court:**

| | |
|---|---|
| Total Offense Level: | 46 |
| Criminal History Category: | I |
| Imprisonment Range: | **Life** |
| Supervised Release Range: | **Count 2: 5 years;**<br>**Counts 3,5: 3-5 years;**<br>**Count 6: 2-3 years** |
| Fine Range: | **$ 25,000 to $ 4,000,000** |
| Restitution: | n/a |

The fine is waived or is below the guideline range because of the defendant's inability to pay.

The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by application of the guidelines.